# Authority of Senate Committee Staff to Depose Executive Branch Officers

There is no authority in the rules of the Senate, or in relevant statutes, for the Senate Committee on Labor and Human Resources to direct its staff to depose certain Executive Branch officials. Recent practice establishes that such depositions may be taken by Senate committee staff only when specifically authorized by a resolution of the full Senate in connection with a particular investigation.

August 4, 1982

MEMORANDUM OPINION FOR THE DEPUTY ATTORNEY GENERAL

This responds to your request for our opinion whether the Senate Committee on Labor and Human Resources may, without specific authority conferred by a resolution adopted by the Senate, authorize its staff to take depositions of Executive Branch officials in the course of that Committee's inquiry into the confirmation of Secretary [of Labor Raymond J.] Donovan.

On July 22, 1982, the Senate Committee on Labor and Human Resources adopted a resolution authorizing an investigation into whether "the Committee received full, complete and timely disclosure of all information in the [Donovan] confirmation [proceedings]." On the afternoon of July 29, 1982, Messrs. Francis M. Mullen, formerly Executive Assistant Director of the FBI, FBI Special Agent Anthony Adamski, Jr., and Fred F. Fielding, Counsel to the President, received Notices of Deposition purporting to require them to appear for depositions at 7:30 a.m. on August 3, 6, and 9, 1982, respectively. Each Notice of Deposition states that it is authorized "pursuant to Committee resolution and the Committee rules. . . ." We have examined the Committee resolution and rules, and, in addition, the Standing Rules of the Senate, the Standing Orders and Resolutions Affecting the Business of the Senate, and relevant statutes and have found no authority, express or implied, for the depositions which are demanded of Messrs. Mullen, Adamski, and Fielding.

## I. The Committee's Rules of Procedure

The Rules of Procedure of the Committee, which are attached to each of the Notices of Deposition, do not authorize the taking of depositions. In fact, the word "deposition" nowhere appears in the rules of the Committee, and no

language appears in the rules from which power in the staff to take depositions could reasonably be inferred.[1]

## II. The Committee's Resolution

The Committee's resolution of July 22, 1982, purports to authorize sworn depositions "anywhere in the continental United States" to be taken by Committee staff members, provided only that a Senator be present when the deposition commences. The resolution states that "under Senate rule XXVI and section 1364(a) of title 28, United States Code, a committee may authorize the issuance of subpoenas and the taking of depositions. . . ." No other authority for taking depositions is cited in the resolution.

Rule XXVI governs Senate committee and subcommittee procedure. It provides broad authority to conduct hearings, to take testimony, to require "by subpena or otherwise" the attendance of witnesses, and to conduct investigations. Yet nowhere in the rule is there language expressly or implicitly authorizing the taking of depositions by committee staff. As with the rules of the Committee itself, the word "deposition" nowhere appears in Senate Rule XXVI. Indeed, none of the Standing Rules of the Senate contain so much as a single reference to depositions.

The statutory provision cited by the resolution, 28 U.S.C. § 1364(a) (Supp. V 1981) added by Pub. L. No. 95–521, 92 Stat. 1879, establishes jurisdiction in the United States District Court for the District of Columbia to hear certain civil actions brought by the Senate Legal Counsel, including actions to require compliance with an order of a committee seeking answers to "any deposition or interrogatory." This provision, however, is by its express language inapplicable to the taking of depositions of Executive Branch officials:

> This section shall not apply to an action to enforce, to secure a declaratory judgment concerning the validity of, or to prevent a threatened refusal to comply with, any subpena or order issued to an officer or employee of the Federal Government acting within his official capacity.

28 U.S.C. § 1364(a); *see* S. Rep. No. 170, 95th Cong., 2d Sess. 89 (1977) (this section does not apply to Executive Branch officers). We are unaware of any other statutory provision authorizing the taking of depositions by Senate committee staff.

We have examined the Standing Orders and Resolutions of the Senate set out in the Senate Manual, S. Doc. No. 1, 96th Cong., 1st Sess., and have discovered no general standing authority for the taking of depositions by the staff of a Senate committee. It thus appears that the Committee's resolution purporting to authorize the taking of depositions by its staff was entirely without legal basis in statute or Senate rule.

---

[1] We note that if the Committee's rules provided for the taking of depositions of Executive Branch officials by Committee staff, such a provision might well establish customary practice of the Committee, it would not, however, establish a source of power for the adoption of the provision itself.

## III. The Flannery Memorandum

On July 12, 1982, John P. Flannery II, Special Counsel to the Labor Committee, and George Pritts, the Committee's Chief Counsel, addressed to the members of the Committee a memorandum concerning the resolution which was eventually adopted on July 22. The bulk of that memorandum discusses the nature and advantages of deposing witnesses prior to holding any public hearings. The memorandum informed the members as follows regarding the authority for the staff's taking depositions:

> As you may not be familiar with Senate staff depositions, a few explanatory remarks about their history and use follow. Senate staff depositions, first authorized in 1928,* and expressly provided for by statute,** have been used in recent Congressional investigations.*** They are similar to the depositions of a non-party witness in a civil case.****
>
> ---
>
> \* S. Res. 118, 70th Congress, 1st Session.
> \*\* Title 28, United States Code, Section 1364(a).
> \*\*\* *See* H. Res. 803, 93rd Congress (House Judiciary Committee, during impeachment investigation for Richard Nixon); H. Res. 222, 95th Congress (House Select Committee on Assassinations); S. Res. 495, 96th Congress, 2nd Session (Senate Billy Carter inquiry); S. Res. 4, 95th Congress, 1st Session §§ 104(c)(1)(G) (Aging Committee), 105(c)(1)(G) (Indian Affairs), 106(b)(7) (Nutrition); S. Res. 400, 94th Congress, 2nd Session, § 5(a)(7) (Intelligence).
> \*\*\*\* *See* Rule 30 of the Federal Rules of Civil Procedure.

This statement of authority is without any foundation in the law for the following reasons:

(A) S. Res. 118 was passed in 1928 and provides:

> Resolved, That the President of the Senate be, and he hereby is, authorized, on the request of the chairman of any of the committees of the Senate, to issue commissions to take testimony within the United States or elsewhere.

69 Cong. Rec. 1926 (1928). This resolution provides authorization only for the President of the Senate (*i.e.*, the Vice President of the United States) to commission the taking of testimony; it provides no authority for the staff of committees to take testimony simply on the strength of a committee resolution. Further, it provides no basis for committee staff to take depositions of Executive Branch officials.[2]

---

[2] We note that S Res 118 may not represent a current source of authority for committees of the Senate to take "testimony" outside Washington The Resolution does not appear in the Senate Manual, and there is nothing in the Flannery memorandum suggesting that that Resolution is not in a state of desuetude. In addition, assuming *arguendo* that the Resolution could be read to authorize the taking of testimony from Executive Branch officials, it implicitly recognizes the sensitivity of Senate committee requests for testimony of Executive Branch officials by providing that the Vice President, a member of the Executive Branch, must authorize all such requests

(*B*) Section 1364(a) of Title 28, U.S. Code, simply does not stand from the proposition cited. As stated above, § 1364 on its face does not apply to committee subpoenas or orders directed to Executive Branch officers.

(*C*) The five prior House and Senate resolutions authorizing the taking of depositions by the staff of various committees in no way provides authority for the taking of depositions by the staff of the Senate Committee on Labor and Human Resources because—among other reasons—none of the cited resolutions authorized action by this Committee or its staff, nor are they phrased in language that is even arguably applicable to Senate committees generally. On the contrary, the recent historical practice established by these five resolutions is that depositions may be taken by the staff of Senate committees only when expressly authorized by a resolution of the full Senate in connection with a particular investigation, not by a simple resolution adopted by a Senate committee *sua sponte*.

(*D*) Finally, Rule 30 of the Federal Rules of Civil Procedure lends no support to the committee resolution at issue here, since that rule applies only "after commencement of [a civil] action" in the courts of the United States. Needless to say, it provides no authority, express or implied, for depositions to be taken by Senate committee staff.

## IV. Conclusion

On the basis of the references relied upon in the Committee material available to us, we find no authority for the compelled deposition of Messrs. Mullen, Adamski, and Fielding. In addition, our research into the Standing Rules of the Senate has uncovered no authority that would support the deposition power asserted in the Committee Resolution. Finally, the more recent precedents relied upon in the Committee material suggest quite strongly that older precedents which may be supportive of such standing committee power, even if they exist, have been abandoned in favor of passage of Senate resolutions authorizing the taking of depositions by committee staff in specific circumstances. At least until some more persuasive precedents are proffered, however, we are firmly convinced that there is no support in law or Senate rules for the staff of the Senate Committee on Labor and Human Resources to take the depositions of Executive Branch officials.[3]

THEODORE B. OLSON
*Assistant Attorney General*
*Office of Legal Counsel*

---

[3] Although this opinion is confined to the facts presented, we would emphasize that we have found no plenary authority for the taking of depositions of even private persons by the staff of Senate committees absent a specific resolution passed by the Senate authorizing such action. Whether an established practice as regards deposing of private persons would, without more, legitimate the deposing of Executive Branch officials is doubtful, given the co-equal status of the Legislative and Executive Branches under our Constitution.